NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 3 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA YANETH MONTANO-MEJIA, | No. 24-4764 |
| Petitioner, | Agency No. A220-911-246 |
| v. | |
| PAMELA BONDI, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2025[**]
San Francisco, California

Before: BOGGS,[***] BRESS, and MENDOZA, Circuit Judges.

Maria Yaneth Montano-Mejia, a native and citizen of El Salvador, petitions

this court for review of a decision of the Board of Immigration Appeals (BIA), deny-

ing her application for asylum, withholding of removal, and protection under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Danny J. Boggs, Senior Circuit Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

Convention Against Torture ("CAT"). Where, as here, "the BIA conduct[ed] its own review of the evidence and law . . . our review is limited to the BIA's decision." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (internal quotation omitted). We review factual findings for substantial evidence and legal questions de novo. *Ibid.* (citation omitted). The agency's factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Applicants for asylum and withholding of removal who fear persecution by a nonstate actor must prove that their native government would be "unable or unwilling to control" the private persecutor. *J.R. v. Barr*, 975 F.3d 778, 782 (9th Cir. 2020) (internal quotation omitted). The "ability" assessment considers the availability and effectiveness of law-enforcement mechanisms. *See ibid.* The "willingness" assessment considers the persecutor's impunity, or lack thereof, especially in the context of violence toward the applicant's protected group. *See ibid.* An applicant need not report abuse to native-country authorities, and a failure to do so does not heighten the applicant's burden of proof. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1069–70 (9th Cir. 2017) (en banc). But a failure to report persecution does not excuse applicants from proving their government's inability or unwillingness to protect them by a preponderance of the evidence. *See ibid.* We have denied petitions for review where improved country-conditions evidence coincides with

2

victim nonreporting.  *See, e.g.*, *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020); *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

The BIA applied the correct legal standard because it assessed the Salvadoran government's ability *and* willingness to protect Montano-Mejia.  And substantial evidence supports its conclusion that Montano-Mejia failed to show inability or unwillingness.  The BIA cited Montano-Mejia's nonreporting to authorities, country-conditions evidence showing El Salvador's modest strides in combating gender-based violence, and the arrest of her private persecutor for raping an unrelated minor girl.  "[O]fficial responsiveness to complaints . . . does not automatically equate to governmental ability and willingness" to render aid, especially for different categories of victims.  *J.R.*, 975 F.3d at 782.  But Rodriguez's arrest, and the apparent failure of his effort to bribe the victim's mother, demonstrate that Salvadoran authorities do not categorically ignore sex crimes and gender-based violence, and that Montano-Mejia has not demonstrated that future attempts to report Rodriguez to authorities would prove futile.

2.     A CAT applicant must demonstrate that torture would occur "at the instigation of, or with the consent or acquiescence of, a public official." *Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.18(a)(1)).  An applicant need not report alleged torture but must show more than a general ineffectiveness of state efforts to investigate and prevent torture.  *Ibid*.  Here, substantial

evidence supports the BIA's denial of CAT relief. Unlike cases where torturers control public officials, *see, e.g.*, *Madrigal v. Holder*, 716 F.3d 499, 509–10 (9th Cir. 2013), Salvadoran officials arrested and jailed Rodriguez after the sole known complaint against him.

**PETITION DENIED.**[1]

---

[1] Montano-Mejia's motion to stay removal, Dkt. 25, is denied. The temporary stay of removal shall remain in place until the mandate issues. The government's motion to stay proceedings in this court, Dkt. 31, is denied as moot.